[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 18, 2006
THOMAS K. KAHN
CLERK

No. 05-13378
Non-Argument Calendar

_____

D. C. Docket No. 03-01832-CV-B-S

JAMES THOMAS,

Plaintiff-Appellant,

versus

AVENTIS PHARMACEUTICAL, INC.,
STEVEN DAVIS,
MARK BOLSUIES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(April 18, 2006)**

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

James Thomas appeals the district court's order granting summary judgment

to his former employer, Aventis Pharmaceutical, Inc. ("Aventis"), on his claims

brought under the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 623(a)(1) & 626(c)(1).[1] On appeal, Thomas argues that he established that the work-rule violations, offered by Aventis as legitimate non-discriminatory reasons for his discipline and termination, were pretextual because the evidence showed that he was employed at Aventis and its predecessors for over 30 years and (1) he was treated differently than other employees not within the protected class who engaged in similar acts, (2) no one else was issued certain directives for which he was disciplined, and (3) the acts he took were not work-rule violations.[2] After careful review, we affirm.

---

[1] Thomas does not challenge the entry of summary judgment in favor of defendants Mark Bolsius and Steven Davis, nor does he challenge the summary judgment in favor of Aventis on his ADEA retaliation claim and his state law claims. Accordingly, those claims are deemed abandoned and we do not consider them. Access Now, Inc. v. Southwest Airlines, Co., 385 F.3d 1324, 1330 (11th Cir. 2004).

[2] In the ADEA context, we recently reaffirmed that the "traditional definition" of direct evidence is controlling in this circuit. Under that formulation, direct evidence is "evidence, which if believed, proves the existence of the fact in issue without inference or presumption." Morris v. Emory Clinic, Inc., 402 F.3d 1076, 1081 (11th Cir. 2005) (quotation omitted). To satisfy his burden under this standard, the plaintiff must proffer evidence that "indicate[s] that the complained-of employment decision was motivated by the decision-maker's ageism." Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1359 (11th Cir. 1999). "[O]nly the most blatant remarks, whose intent could mean nothing other than to discriminate on the basis of age will constitute direct evidence of discrimination." Id. (quotation and citation omitted). "If the alleged statement suggests, but does not prove, a discriminatory motive, then it is circumstantial evidence." Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1086 (11th Cir. 2004). Thomas presented no direct evidence as part of his prima facie case and, accordingly, we analyze his case as one involving only circumstantial evidence. We are unpersuaded by Thomas's reliance on Wright v. Southland, 187 F.3d 1287 (11th Cir. 1999) -- an opinion to which two judges filed special concurring opinions, concurring in the judgment only -- for his argument to apply a lower, preponderance standard to such evidence. The district court's definition of direct evidence was consistent with this Court's controlling precedent.

2

"We review the grant of summary judgment de novo, viewing the facts and drawing all reasonable inferences in favor of the nonmoving party." Rowell v. BellSouth Corp., 433 F.3d 794, 798 (11th Cir. 2005). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, of any, show that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c). To warrant the entry of summary judgment, the moving party must demonstrate that "there is no genuine issue as to any material fact." HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co., 240 F.3d 982, 991 (11th Cir. 2001). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

Under the ADEA, it is unlawful for employers "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). We test the sufficiency of an ADEA claim based on circumstantial evidence under the three-step framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248 (1981). See Chapman v. AI Transp., 229 F.3d 1012, 1024

3

(11th Cir. 2000) (en banc). First, the plaintiff must show that "he (1) was a member of the protected age group, (2) was subjected to adverse employment action, (3) was qualified to do the job, and (4) was replaced by or otherwise lost a position to a younger individual." Id. If the plaintiff establishes a prima facie case, the defendant-employer must articulate a legitimate, nondiscriminatory reason for the challenged employment action. Id. In the third step, in response to the employer's articulated reasons, the plaintiff must come forward with sufficient evidence "to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." Id. (citation omitted). It is the third step that is at issue in this appeal, in which Thomas argues, inter alia, that he came forward with sufficient evidence to satisfy his burden to rebut Aventis's proffered reasons.

"The plaintiff may succeed in [in the third step of the McDonnell Douglas analysis] either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Coombs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997). The plaintiff must proffer sufficient evidence to create a genuine issue of material fact that each of the defendant-employer's articulated reasons is pretextual, or else the employer is

4

entitled to summary judgment on the plaintiff's claim. <u>Chapman</u>, 229 F.3d at 1024-25.

We conclude that Aventis was entitled to summary judgment because Thomas failed to provide direct evidence that he was terminated because of age and because Thomas failed to provide sufficient circumstantial evidence that Aventis's legitimate, non-discriminatory reasons -- work-rule violations-- for disciplining and ultimately terminating Thomas were pretextual. At the summary judgment stage, we have held that the "work rule" defense is arguably pretextual when a plaintiff submits evidence (1) that he did not violate the cited work rule, or (2) that if he did violate the rule, other employees outside the protected class, who engaged in similar acts, were not similarly treated. <u>See</u> <u>Damon v. Fleming Supermarkets of Fla., Inc.</u>, 196 F.3d 1354, 1363 (11th Cir. 1999).

The district court assumed, without deciding, that Thomas could establish a <u>prima facie</u> case of age discrimination through circumstantial evidence because the district court concluded that Aventis's legitimate, non-discriminatory reasons were dispositive. At the second stage of the <u>McDonnell Douglas</u> analysis, Aventis identified numerous work-rule violations in its multiple warnings to Thomas. Thus, at the third stage, pursuant to <u>Damon</u>, Thomas needed to submit evidence (1) that he did not violate the cited work-rules, <u>or</u> (2) that if he did violate the rules,

5

other employees outside the protected class, who engaged in similar acts, were not similarly treated. See 196 F.3d at 1363. He did not offer such evidence.

For example, Aventis stated that one of the reasons for terminating Thomas was his repeated refusals to meet with supervisors. In his deposition, Thomas stated that he did not refuse to meet with Davis or other supervisors, but that he would only meet with supervisors under certain conditions. Thomas's averment did not rebut the undisputed fact, Aventis's proffered reason, that Thomas refused to meet with supervisors -- a "work rule" violation -- on numerous occasions. Therefore, he failed to carry his burden to establish that the termination was for a discriminatory reason and the district court did not err when it granted Aventis's motion for summary judgment regarding the termination claim.

As for Aventis's discipline of Thomas, in his deposition, Thomas admitted that Aventis had legitimate reasons to criticize his performance as a sales representative. Although Thomas claimed generally that other people were committing the same work-rule violations as he was, he did not identify specific employees outside his protected class who engaged in similar acts but were not similarly treated. In short, Thomas failed to come forward with sufficient evidence to permit a reasonable factfinder to conclude that the reasons given by Aventis were not the real reasons for the adverse employment decision.

6

"Federal courts do not sit as a super-personnel department that reexamines an entity's business decisions." Chapman, 229 F.3d at 1030. An "employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." Damon, 196 F.3d at 1363 n.3. On this record, we cannot conclude the district court erred by accepting as dispositive Aventis's legitimate, non-discriminatory reasons, which Thomas did not rebut, and entering summary judgment in favor of Aventis.

**AFFIRMED.**